IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **FRANCHISE SERVICES OF NORTH** | ) | **CASE NO. 17-02316-EE** |
| **AMERICA INC.** | ) | **Chapter 11** |
| | ) | |
| Debtor | ) | |

**GLOBAL NOTES PERTAINING TO THE DEBTOR'S SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

---

Franchise Services of North America Inc., the Debtor and Debtor-in-possession (the "***Debtor***" or "***FSNA***"), respectfully represents as follows:

With the assistance of its professionals and advisors, the Debtor's management prepared the Schedules of Assets and Liabilities (collectively, the "***Schedules***") and the Statements of Financial Affairs (collectively, the "***SOFAs***") pursuant to Section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"). The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("***GAAP***"), and they are not intended to be fully reconciled to the financial statements.

Although the Debtor's management has made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, including, but not limited to, the discovery of pre-petition invoices or other evidences of obligations that were not available (or that the Debtor had not yet received) at the time these Schedules and SOFAs were prepared, and inadvertent errors or omissions may exist. The information provided herein, except as otherwise noted, is as of June 26, 2017. The Debtor commenced this chapter 11 case on June 26, 2017 (the "***Petition Date***"). Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs. Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtor. The Debtor reserves the right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate. These global notes regarding the Debtor's Schedules and SOFAs (the "***Global Notes***") comprise an integral part of the Schedules and SOFAs filed by the Debtor and should be referenced in connection with any review of the Schedules and SOFAs. Nothing contained in the Schedules and SOFAs shall constitute, or be deemed, a waiver of any rights, claims or defenses of the Debtor against any third party or with respect to any aspect of this chapter 11 case or any related litigation or arbitration. Nothing contained in the Schedules and SOFAs is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtor, assertion made therein or herein or a waiver of the Debtor's rights to dispute any claim or assert any cause

of action or defense against any party. The Debtor reserves all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

1. Information Subject to Confidentiality. There may be instances in the Schedules and SOFAs where the Debtor has deemed it necessary and appropriate to redact from the public record information such as names, addresses or amounts. Typically, the Debtor may use this approach because of an agreement between the Debtor and a third party, concerns of confidentiality or proprietary concerns, or concerns for the privacy of, or the confidentiality of personally identifiable information with respect to, an individual.

2. Amendments. The Debtor reserves the right to amend and/or supplement the Schedules and SOFAs as necessary and/or appropriate.

3. Estimates and Assumptions. The preparation of the Schedules and SOFAs required the Debtor to make estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and SOFAs and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from those estimates. Where the Debtor was not able to determine or quantify with particularity the value of the listed asset based on information presently available to it, the value was listed as "Unknown." The Debtor may be able to quantify the value of certain of these assets as information becomes available to it during the course of this bankruptcy case.

4. Asset and Liability Presentation. Unless otherwise noted, each asset of the Debtor is shown on the basis of the net book value of the asset in the Debtor's accounting books and records as of May 31, 2017, and not on the basis of current market values of such interest in property and/or liabilities. Accordingly, the value listed for any asset may vary significantly from the market value of such asset. Unless otherwise noted, each liability of the Debtor is shown as the liability is reflected in the Debtor's accounting books and records as of June 26, 2017. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value. The Debtor reserves the right to amend or adjust the value of any asset or liability set forth herein.

5. Pre-Petition Claims Paid Post-Petition. One or more of the Debtor's operating subsidiaries have made payments due under executory contracts to which the Debtor is a counterparty where such executory contracts are necessary for the operations of that subsidiary. These payments have not been excluded from the Schedules and SOFAs, nor have any pre-petition claims paid by the Debtor pursuant to authority granted by the Bankruptcy Court. The Debtor will pay pre-petition claims only to the extent authorized by the Bankruptcy Court.

6. Pre-Petition v. Post-Petition. The Debtor has sought to allocate liabilities between the pre-petition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between

pre-petition and post-petition periods may change. The Debtor reserves the right to change the allocation of liability to the extent additional information becomes available.

7.    Causes of Action. Despite reasonable efforts, the Debtor might not have identified and/or set forth all causes of action against third parties in its Schedules and SOFAs. The Debtor reserves any and all rights with respect to any causes of action it may have, and neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such causes of action nor may they be used in any litigation in this or litigation related to this chapter 11 case.

8.    Claims Description. Any failure to designate a claim on the Debtor's Schedules and/or SOFAs as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such claim is not "disputed," "contingent" or "unliquidated." The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment. The Debtor reserves the right to amend its Schedules and/or SOFAs as necessary and/or appropriate.

9.    Property and Equipment. The Debtor does not own or lease any property or equipment. Any property or equipment utilized by the Debtor are owned or leased by one of the operating subsidiaries.

10.   Insiders. In the circumstance where the Schedules and SOFAs require information regarding insiders and/or officers and directors, the Debtor has attempted to include therein each of the Debtor's (a) "officers," as such term is defined by the Bankruptcy Code and (b) "directors" (or persons in similar positions) during the relevant period. The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Persons who have been included in this disclosure for informational purposes only should not be deemed to be "insiders" in terms of control of the Debtor, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

11.   Categories or Labels Used in Schedules and SOFAs. Information requested by the Schedules and SOFAs requires the Debtor to make judgments regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled. The Debtor's decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and SOFAs and within the time constraints imposed by the Bankruptcy Code and Bankruptcy Rules. The Debtor reserves the right to modify, change or delete any information in the Schedules and SOFAs by amendment, including to the extent some information currently presented should be moved to a different category or labeled in a different way.

12.     Schedule B15.  The Debtor owns 100% of U-Save Holdings, Inc. and FSW LLC, formerly doing business as Simply Wheelz LLC.  These are non-publicly-traded stocks and interest, respectively, and it is difficult to determine the market value of these stock and membership interests.  For this reason, the value for each is listed as "Unknown."[1]

Substantially all of the assets of FSW LLC were sold through its recent chapter 11 case styled, *In re Simply Wheelz LLC, d/b/a Advantage Rent A Car*, United States Bankruptcy Court for Southern District of Mississippi, Case No. 13-03332-ee.  Therefore, the value of the Debtor's membership interest in FSW LLC should not be significant.

With respect to the value of the Debtor's membership interest in U-Save Holdings, Inc., the Debtor intends to expose that stock ownership interest to the market through a court-supervised sales process conducted by a disinterested third-party broker to determine and monetize that value for the benefit of the bankruptcy estate.

13.     Schedule B60 and B61.  The primary components of the intangible assets are trademarks. It is difficult to determine a value of the trademarks and the internet domain of FSNA, and so those values are listed as "Unknown."

14.     Schedule B65.  The value of Goodwill listed on Schedule B is listed as "Unknown" as it is difficult to determine the value of Goodwill.

15.     Schedule B71.  There is an intercompany account due from U-Save Auto Rental of America, Inc. to FSNA in the amount of $2,539,171.00.  The majority of this intercompany indebtedness originated from a transaction in late 2006 and early 2007.  On November 30, 2006, Rent-A-Wreck Capital Inc. and U-Save Auto Rental of America, Inc. completed a business combination transaction.  The transaction was accounted for as a "reverse-take-over" transaction, whereby U-Save Auto Rental of America, Inc. was deemed the acquirer for accounting purposes.  The Company's name was changed from Rent-A-Wreck Capital to Franchise Services of North America, Inc.  In February 2007, upon conclusion of a public offering, FSNA repaid approximately $5M in subordinated debt held by U-Save Auto Rental of America, Inc., thereby creating a receivable due to FSNA from U-Save Auto Rental of America, Inc.  Over the last 10 years, the balance has been reduced periodically by U-Save Auto Rental of America, Inc.'s paying various trade payables of FSNA, as well as deal costs related to the acquisition of Simply Wheelz LLC, d/b/a Advantage Rent A Car.  There have not been regular, structured payments from U-Save Auto Rental of America, Inc. to FSNA, but rather periodic payments made by U-Save Auto Rental of America, Inc. to FSNA on an ad hoc basis, according to the needs of FSNA and the ability of U-Save to make these payments.  This intercompany account does not bear interest.

---

[1] The Debtor has filed that certain *Motion of the Debtor for an Order Directing the Examination of Bruce G. Donaldson Pursuant to Federal Rule of Bankruptcy Procedure 2004* [Dkt. # 16] for an Order directing the attendance of Bruce G. Donaldson for an examination pursuant to Rule 2004 of the Bankruptcy Rules (the "***Rule 2004 Exam***").  The determination of the quantifiable value of certain assets of the Debtor listed as "Unknown" within the Schedules and SOFAs will be one of the subjects of the Rule 2004 Exam.  The Rule 2004 Exam is applicable to all of the Debtor's assets listed within the Schedules and SOFAs as "Unknown."

16.     Schedule B72. Although the Debtor has unused net operating losses (NOLs) for years 2008 to 2012 and for years 2014 to 2016 on its books in the amount of $2,552,236.00, the Debtor does not know at this time the extent to which it will be able to realize the value of those NOLs for the benefit of the bankruptcy estate.

17.     Schedule B73. As reflected in Schedule G, the Debtor has various insurance policies in place. Two of these policies are being premium-financed; the premiums on the other policies have been paid in full. The value of these insurance policies is difficult to determine, and therefore is listed as "Unknown."

18.     Schedule B74. The Debtor possesses a litigation claim against Macquarie Capital (USA), Inc. ("*Macquarie*") and has asserted counterclaims against Macquarie for breach of contract, breach of the partnership agreement and partnership duties, negligence, breach of warranty, and a request for an accounting in connection with Macquarie's actions with respect to the Hertz Transaction. That litigation is still pending in the Supreme Court of New York County, New York [Case No. 650020/2017]. No specific dollar figure for damages was stated in the Counterclaim and therefore the value of the Counterclaim is listed as "Unknown."

        The Debtor also possesses a litigation claim against Michael Silverton ("*Silverton*") and Daniel Boland ("*Boland*"), both Managing Directors of Macquarie and former Directors of FSNA. FSNA filed a Complaint in the United States District Court for the Southern District of Mississippi, Civil Action No. 3:16-cv-964-HTW-LRA, against Silverton and Boland seeking actual and punitive damages for breach of duty of loyalty, failure to provide material information, misrepresentation, and civil conspiracy. That litigation is still pending, although that Court recently entered its order removing that case from the court's active trial docket, subject to being reopened upon a motion of one of the parties that further litigation of that case in that court was necessary. No specific dollar figure for damages was stated in the Complaint.

19.     Schedule B75. The Debtor has a disputed tax claim with the Canada Revenue Agency, Winnipeg Tax Centre, in the amount of $29,724.84.

        Schedule D—Creditors Holding Secured Claims. Although the Debtor scheduled a claim of only one creditor as holding a secured claim, the Debtor reserves all rights to dispute or challenge the secured nature or the validity of such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim (including, but not limited to, whether any document is a true lease or financing arrangement). Without limiting the foregoing, the inclusion on Schedule D of any creditor that has asserted liens of any nature is not intended to be an acknowledgement of the validity, extent, or priority of any such liens, and the Debtor reserves its right to challenge such liens and the underlying claims on any ground whatsoever. The description provided in Schedule D is intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and SOFAs shall be deemed a

modification or interpretation of the terms of such agreements. The Debtor reserves the right to dispute any filed proof of claim for a secured claim on any basis.

US Premium Finance is a secured creditor which is financing the insurance premiums for the D&O Policy and the EPLI Policy. FSNA paid a first-month deposit in an amount that is the equivalent of approximately three months of premiums, and the balance of the premiums are paid over a nine-month period in monthly installments. Under this premium financing arrangement, if the Debtor fails to make a required payment under the monthly installment arrangement, the Policies may be terminated and coverage could lapse. The Debtor is current in its obligations under the Policies.

20.     Schedule E—Creditors Holding Unsecured Priority Claims. The Debtor believes that none of its tax claims are priority tax claims. The Debtor reserves the right to dispute the priority status of any filed proof of claim for a priority claim on any basis.

21.     Schedule F—Creditors Holding Unsecured Nonpriority Claims. The liabilities identified in Schedule F are derived from the Debtor's books and records. The Debtor made a reasonable attempt to set forth its unsecured obligations, although the actual amount of claims against the Debtor may vary from those liabilities represented on Schedule F. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs. Parties in interest should consult their own professionals and/or advisors with respect to pursuing a claim. Although the Debtor and its professionals have generated financials that the Debtor believes to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that occur throughout the duration of this chapter 11 case.

The claims listed on Schedule F arose or were incurred on various dates. Certain of the claims are listed as "Disputed" because they may be time-barred. Others are disputed on the merits. The Debtor reserves the right to dispute any filed proof of claim for an unsecured, nonpriority claim on any basis.

22.     Schedule G—Executory Contracts. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract, agreement, or lease on Schedule G does not constitute an admission that such contract, agreement, or lease is an executory contract or unexpired lease or that such contract, agreement, or lease was in effect on the Petition Date or is valid or enforceable. The Debtor hereby reserves all of its rights to dispute the validity, effectiveness, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement such Schedule as necessary.

The Debtor reserves all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim, including, but not limited to, whether any lease is a true lease or financing arrangement.

The Debtor may be party to certain agreements that have expired by their terms, but all parties continue to operate under the agreement. Out of an abundance of caution, the Debtor has listed such agreements on Schedule G. The Debtor's inclusion of such contracts, leases or agreements on Schedule G is not an admission that such contract, lease or agreement is an executory contract or unexpired lease.

Omission of a contract, lease or agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts, leases or agreements are not impaired by the omission.

23.  Schedule H. The Debtor is a co-obligor with U-Save Auto Rental of America, Inc., U-Save Holdings, Inc., and Thomas P. McDonnell III for the final payment in the amount of $50,000.00 due on or before August 19, 2017 pursuant to a Settlement Agreement dated August 12, 2016 between and among Robert M. Barton and J. Michael Linn (collectively referred to as "Plaintiffs") and U-Save Auto Rental of America, Inc., Franchise Services of North America, Inc., U-Save Holdings, Inc., and Thomas P. McDonnell, III (collectively referred to as "Defendants") in connection with the settlement of a lawsuit styled, "*Robert M. Barton and J. Michael Linn v. Franchise Services of North America, Inc. and Thomas P. McDonnell III*," Civil Action No. 3:15-cv-464-CWR-FKB, United States District Court for the Southern District of Mississippi, Northern Division.

24.  SOFA 1. The Debtor is a holding company, and not an operating company. The operating entities are the subsidiaries of the Debtor.

25.  SOFA 3b. In the list of payments under SOFA 3b, the Debtor's payments to Kevin Marino were made to him as counsel for Silverton and Boland in connection with their advancement demand against FSNA, and not in his individual capacity. *See* item 7.7 on the SOFA for a description of that litigation.

SOFA 11. During the year before the filing of this chapter 11 case, Butler Snow received the following payments related to debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case: FSW LLC, formerly Simply Wheelz LLC, made payments on behalf of the Debtor as follows: April 20, 2017 - $4,195.00; May 16, 2017 - $12,969.00; June 9, 2017 - $39,191.00; June 26, 2017 - $28,476.18. U-Save Auto Rental of America, Inc. made a payment on behalf of the Debtor as follows: June 27, 2017 - $35,000.00.

26.  SOFA 26. In addition to those parties listed, the Debtor provided its financial statements to various potential DIP Lenders pursuant to confidentiality and non-disclosure agreements.

27.  Specific Notes. These Global Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs. The fact that the Debtor has prepared a "specific note" with respect to any of the Schedules and SOFAs and not to others should not be interpreted as a decision by the Debtor to exclude the applicability of any Global Note to

any of the Debtor's remaining Schedules and SOFAs, as appropriate. Moreover, disclosure of information in one Schedule, SOFA, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit, or continuation sheet.

28.    <u>Totals</u>.  All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

29.    <u>Undetermined Amounts</u>.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

30.    <u>Unliquidated Claim Amounts</u>.  Claim amounts that could not be fairly quantified by the Debtor are scheduled as "unliquidated," "TBD," "undetermined" and/or "unknown."

31.    <u>General Reservation of Rights</u>.  The Debtor specifically reserves the right to amend, modify, supplement, correct, change, or alter any part of their Schedules and SOFAs as and to the extent necessary and as they deem appropriate.

BUTLER SNOW LLP

Stephen W. Rosenblatt (Miss. Bar No. 5676)
Christopher R. Maddux (Miss. Bar No. 100501)
J. Mitchell Carrington (Miss. Bar No. 104228)
Thomas M. Hewitt (Miss. Bar No. 104589)
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: (601) 985-4504
Steve.Rosenblatt@butlersnow.com
Chris.Maddux@butlersnow.com
Mitch.Carrington@butlersnow.com
Thomas.Hewitt@butlersnow.com

*Attorneys for the Debtor*

37080047

**Fill in this information to identify the case:**

Debtor name     **Franchise Services of North America Inc.**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF MISSISSIPPI

Case number (if known)     **17-02316-ee**

☐ Check if this is an amended filing

# Official Form 207
# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:     Income**

1.  **Gross revenue from business**

    ■ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ■ None.

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|

**Part 2:     List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ☐ None.

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|---|
| 3.1. | **Kevin H. Marino, Esq.**<br>**437 Southern Blvd.**<br>**Chatham, NJ 07928-1488** | **5/5/17** | **$61,963.46** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Advancement Demand** |
| 3.2. | **Kevin H. Marino, Esq.**<br>**437 Southern Blvd**<br>**Chatham, NJ 07928-1488** | **5/19/17** | **$40,103.66** | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Advancement Demand** |

Debtor    **Franchise Services of North America Inc.**                               Case number *(if known)*   **17-02316-ee**

---

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

   | Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   |---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

   | Creditor's name and address | Describe of the Property | Date | Value of property |
   |---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

   | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
   |---|---|---|---|

## Part 3:   Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☐ None.

   | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
   |---|---|---|---|
   | 7.1. | **Robert M. Barton and J. Michael Linn v. Franchise Services of North America, Inc. and Thomas P. McDonnell, III** **3:15-cv-464-CWR-FKB** | **Civil** | **USDC, Southern Dist., Northern Div.** | ☐ Pending ☐ On appeal ■ Concluded |
   | 7.2. | **Robert Barton v. Franchise Services of North America, Inc.** **8:14-cv-1938T-36** | **Contract** | **USDC for the Middle District of Florida 801 North Florida Ave. Tampa, FL 33602** | ☐ Pending ☐ On appeal ■ Concluded |
   | 7.3. | **Franchise Services of North America Inc. v. Bruce Donaldson** **2015-601(B)** | **Contract** | **Madison County Chancery Court 146 W Center Street Canton, MS 39046** | ☐ Pending ☐ On appeal ■ Concluded |
   | 7.4. | **Franchise Services of North America Inc. v. Michael John Silverton, et al.** **3:16-cv-964-HTW-LRA** | **Commercial Tort** | **USDC Southern District of MS 501 E. Court Street Suite 2.500 Jackson, MS 39201** | ■ Pending ☐ On appeal ☐ Concluded |

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Debtor   **Franchise Services of North America Inc.**                              Case number *(if known)*   **17-02316-ee**

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.5. **Macquarie Capital Inc. v. Franchise Services of North America, Inc.** 650020/2017 | **Breach of Contract (Complaint) Commercial Tort (Counterclaim)** | **Supreme Court of State of New York City Courthouse 60 Centre Street New York, NY 10007** | ■ Pending ☐ On appeal ☐ Concluded |
| 7.6. **Macquarie Capital (USA) Inc. v. Franchise Services of North America, Inc.** 1:16-cv-0962 | **Contract** | **USDC Southern District of New York 500 Pearl Street New York, NY 10007-1312** | ☐ Pending ☐ On appeal ■ Concluded |
| 7.7. **Daniel R. Boland and Michael J. Silverton v. Franchise Services of North America, Inc.** 2017-0091-JRS | **Contract** | **Chancery Court of State of Delaware 500 N. King Street #1551 Wilmington, DE 19801** | ■ Pending ☐ On appeal ☐ Concluded |
| 7.8. **David M. Mitchell v. Franchise Services of North America, Inc.** | **Contract** | **In Arbitration Before Robert W. Sneed Robert W. Sneed P. O. Box 2251 Jackson, MS 39225-2251** | ■ Pending ☐ On appeal ☐ Concluded |

**8.   Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

## Part 4:   Certain Gifts and Charitable Contributions

**9.   List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5:   Certain Losses

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

## Part 6:   Certain Payments or Transfers

**11.  Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

| Debtor | **Franchise Services of North America Inc.** | | Case number *(if known)* | **17-02316-ee** |
| --- | --- | --- | --- | --- |

☐ None.

| | Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- | --- |
| 11.1. | | | April 20, 2017 - $4,195.00 May 16, 2017 - $12,969.00 June 9, 2017 - $39,191.00 June 26, 2017 - $28,476.18 | |
| | **Butler Snow Law Firm P.O. Box 6010 1020 Highland Colony Parkway Suite 1400 Ridgeland, MS 39158-6010** | | | **$84,831.18** |
| | Email or website address **steve.rosenblatt@butlersnow.com** | | | |
| | Who made the payment, if not debtor? **FSW LLC, fka Simply Wheelz LLC** | | | |
| 11.2. | **Butler Snow Law Firm P.O. Box 6010 1020 Highland Colony Parkway Suite 1400 Ridgeland, MS 39158-6010** | | June 27, 2017 | **$35,000.00** |
| | Email or website address **steve.rosenblatt@butlersnow.com** | | | |
| | Who made the payment, if not debtor? **U-Save Auto Rental of America, Inc.** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
   List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
   Do not include transfers already listed on this statement.

   ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
| --- | --- | --- | --- |

13. **Transfers not already listed on this statement**
   List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

   ■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
| --- | --- | --- | --- |

| Part 7: | Previous Locations |
| --- | --- |

14. **Previous addresses**
   List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

| Debtor | Franchise Services of North America Inc. | Case number *(if known)* | 17-02316-ee |
|---|---|---|---|

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

## Part 8:   Health Care Bankruptcies

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If  debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

## Part 9:   Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

## Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Debtor  **Franchise Services of North America Inc.**  Case number *(if known)*  **17-02316-ee**

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

**Part 11:**  **Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:**  **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**  **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Debtor    **Franchise Services of North America Inc.**                    Case number *(if known)* **17-02316-ee**

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| 25.1. **Practicar Systems, Inc.**<br>**421 7th Ave. SW, Ste 3000**<br>**Calgary, AB  T2P 4K9** | **Franchisor of car rental locations** | EIN:<br><br>From-To  **Canadian subsidiary - sold 9/9/2015** |
| 25.2. **FSW LLC**<br>**fka Simply Wheelz, LLC**<br>**1052 Highland Colony Pkwy**<br>**Suite 204**<br>**Ridgeland, MS 39157** | **Rental car operator** | EIN:  **45-0567518**<br><br>From-To  **5/2013 - present** |
| 25.3. **U-Save Holdings, Inc.**<br>**1052 Highland Colony Pkwy**<br>**Suite 204**<br>**Ridgeland, MS 39157** | **Holding company** | EIN:  **72-1364436**<br><br>From-To  **9/16/96 - present** |
| 25.4. **U-Save Auto Rental of Amer**<br>**1052 Highland Colony Pkwy**<br>**Suite 204**<br>**Ridgeland, MS 39157** | **Franchisor of care rental locations** | EIN:  **56-1254970**<br><br>From-To  **12/15/98 - present** |
| 25.5. **Peakstone Financial Services, Inc.**<br>**1052 Highland Colony Pkwy**<br>**Suite 204**<br>**Ridgeland, MS 39157** | **Insurance agency services** | EIN:  **52-1750426**<br><br>From-To  **6/28/200 - present** |
| 25.6. **Auto Rental Resource Center, Inc.**<br>**1052 Highland Colony Pkwy**<br>**Suite 204**<br>**Ridgeland, MS 39157** | **Independent association of rental car operators** | EIN:  **71-0736187**<br><br>From-To  **7/20/1993 - present** |
| 25.7. **U-Save Car Sales, Inc.**<br>**1052 Highland Colony Pkwy**<br>**Suite 204**<br>**Ridgeland, MS 39157** | **Franchisor of vehicle sale locaitons** | EIN:  **20-0822755**<br><br>From-To  **3/4/2004 - present** |
| 25.8. **Practical Rent-A-Car Systems, Inc.**<br>**1052 Highland Colony Pkwy**<br>**Suite 204**<br>**Ridgeland, MS 39157** | **Franchisor of car rental locations** | EIN:  **64-0905146**<br><br>From-To  **Formally dissolved 5/3/17** |
| 25.9. **Hollywood Call Center, Inc.**<br>**1052 Highland Colony Pkwy**<br>**Suite 204**<br>**Ridgeland, MS 39157** | **Call center** | EIN:  **20-3289603**<br><br>From-To  **Formally dissolved 4/7/15** |
| 25.10. **U-Save Leasing Inc.**<br>**1052 Highland Colony Pkwy**<br>**Suite 204**<br>**Ridgeland, MS 39157** | **Leasing company for U-Save Franchisees** | EIN:  **52-1700316**<br><br>From-To  **Formally dissolved 4/15/15** |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor | Franchise Services of North America Inc. | Case number *(if known)* 17-02316-ee |
|---|---|---|

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1. **Ashley Chambliss, Interim CFO**<br>**1052 Highland Colony Pkwy**<br>**Suite 204**<br>**Ridgeland, MS 39157** | **Past 2 years** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1. **Horne LLP**<br>**1020 Highland Colony Parkw**<br>**Suite 400**<br>**Ridgeland, MS 39157** | **Audit FYE 9/30/16**<br>**Audit FYE 9/30/15**<br>**Tax Return FYE**<br>**9/20/16** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **Ashley Chambliss**<br>**1052 HIghland Colony Pkwy**<br>**Suite 204**<br>**Ridgeland, MS 39157** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1. **Ontario Securities Commission**<br>**20 Queen Street West**<br>**20th Floor**<br>**Toronto ON, M5H 538** |
| 26d.2. **British Columbia Securities Com.**<br>**701 West Georgia St.**<br>**PO Box 10142, Pacific Centre**<br>**Vancouver, BC V7Y 1L2** |
| 26d.3. **Alberta Securities Com.**<br>**250 5th Street SW**<br>**Suite 600**<br>**Calgary, AB  T2P OR4** |
| 26d.4. **Manitoba Securities Com.**<br>**500-400 St. Mary Avenue**<br>**Winnipeg MB  R3C 4K5** |
| 26d.5. **Nova Scotia Securities Com.**<br>**PO Box 458**<br>**Halifax, NS  B3J 2P8** |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor   **Franchise Services of North America Inc.**                    Case number *(if known)*   **17-02316-ee**

| Name and address | |
|---|---|
| 26d.6. | **Saskatchewan Securities Com**<br>**1919 Saskatchewan Dr.**<br>**Suite 601**<br>**Regina, Saskatchewan S4P 4H2** |
| 26d.7. | **TSX Venture Exchange Inc.**<br>**300 - 5th Ave. SW**<br>**Calgary, Alberta T2P 3C4** |
| 26d.8. | **The Catalyst Capital Group Inc.**<br>**Attn: Gabriel de Alba**<br>**77 King St, N Tower, Ste 4320**<br>**Toronto, ON M5K 1J3** |

27. **Inventories**
    Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Thomas P. McDonnell III** | | **Board of Director, CEO and President** | **35.9% of Common Stock**<br>**17.95% Fully Diluted** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Bruce Donaldson** | | **Board of Directors** | **0** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **O. Kendall Moore** | | **Vice President, Secretary and General Counsel** | **0** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Steve Brandon** | | **Board of Directors** | **0** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **David S. Miller** | | **Board of Directors** | **0** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Duncan Murdoch** | | **Board of Directors** | **0** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Ashley Chambliss** | | **Interim CFO** | **0** |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

| Debtor | Franchise Services of North America Inc. | Case number (if known) | 17-02316-ee |
|---|---|---|---|

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
□ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
□ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

□ No
■ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| **Franchise Services of North America, Inc. is the parent corporation of a consolidated group** | EIN: |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
□ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **July 10, 2017**

**/s/ Jonathan J. Nash**                          **Jonathan J. Nash**
Signature of individual signing on behalf of the debtor      Printed name

Position or relationship to debtor   **Chief Restructuring Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
□ Yes