_____

SO ORDERED,

*Edward Ellington*

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: July 19, 2017**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: | ) |
| | ) |
| **FRANCHISE SERVICES OF NORTH AMERICA, INC.** | ) CASE NO. 17-02316-EE |
| | ) Chapter 11 |
| | ) |
| Debtor | ) |
| | ) |

**FINAL ORDER AUTHORIZING THE DEBTOR, PURSUANT TO
11 U.S.C. §§ 105(a), 327, AND 363(b), TO (I) RETAIN MEADOWLARK ADVISORS LLC
TO PROVIDE THE DEBTOR WITH A CHIEF RESTRUCTURING OFFICER,
AND (II) DESIGNATE JONATHAN J. NASH AS CHIEF RESTRUCTURING
OFFICER FOR THE DEBTOR, *NUNC PRO TUNC* TO JUNE 26, 2017**
[Dkt. ## 15; 30; 51; and 72]

This matter came before the Court for final hearing on the *Application of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to (I) Retain Meadowlark Advisors LLC to Provide the Debtor with a Chief Restructuring Officer, and (II) Designate Jonathan J. Nash as Chief Restructuring Officer for the Debtor, Nunc Pro Tunc to June 26, 2017* (the "**CRO Application**")[1] [Dkt. # 15] filed herein by Franchise Services of North America Inc., the Debtor and Debtor-in-possession (the "***Debtor***"). The Court considered the CRO Application and the premises, and finds that notice was appropriate under the circumstances, that the only response

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the CRO Application.

- 1 -

- 2 -

was the *United States Supplemental Response to Application of the Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to (I) Retain Meadowlark Advisors LLC to Provide the Debtor with a Chief Restructuring Officer, and (II) Designate Jonathan J. Nash as Chief Restructuring Officer for the Debtor, Nunc Pro Tunc to June 26, 2017* [Dkt. # 72] (the "***UST Supplemental Response***"). The Court finds that the following matters fully resolve the UST Supplemental Response to the CRO Application to retain Meadowlark Advisors LLC ("***Meadowlark***"):

1. As noted in the CRO Application, the CRO will report to the Board of Directors and not to any individual officer or director. Thomas P. McDonnell, III ("***McDonnell***"), the former Chief Executive Office, who is the DIP Lender and the proposed Stalking Horse Bidder, has surrendered his role as Chair of the Board and Chief Executive Officer of the Debtor, although he will remain on the Board of Directors of the Debtor. Two Directors appointed by Macquarie Capital (USA), Inc. remain on the Board.

2. As presented at the hearing on the CRO Application, the Board has adopted procedures and protocol to identify and address conflicts of interests for directors in terms of: (i) who will receive notice of a meeting topic; (ii) who may participate in a meeting; and (iii) who may vote on a topic. These procedures and protocols permit the Board to function as an independent Board and to have disinterested directors acting on corporate mattes.

3. Meadowlark agrees to having items such as telephone, computer, and copying costs be subject to the "actual and necessary expense" standard set forth in 11 U.S.C. § 330(a)(1)(B).

4. The CRO Application contemplates a monthly payment mechanism for professional fees pursuant to an interim fee procedures order for which an application has been filed. Meadowlark is willing to apply its retainer to its fees as authorized by the Bankruptcy

- 3 -

Court under a Professional Fee Procedures Order. Meadowlark may seek to receive a replenishment of its retainer from post-petition funds pursuant to a motion, after notice and a hearing, in connection with a quarterly interim fee approval application or otherwise.

5. Meadowlark agrees to delete that portion of the CRO Application which could be construed to be a pre-approved *ASARCO* waiver.

The Court finds that in light of the foregoing, the CRO Application is well-taken and should be granted.

IT IS, THEREFORE, ORDERED, that in light of the resolution of the five matters set forth above, the CRO Application should be approved.

IT IS FURTHER ORDERED that the retention of Meadowlark Advisors LLC to provide the Debtor with a Chief Restructuring Officer, and to Designate Jonathan J. Nash as the Chief Restructuring Officer for the Debtor is hereby approved, *nunc pro tunc* to June 26, 2017, all pursuant to the terms and conditions of the Engagement Letter.

IT IS FURTHER ORDERED that, as provided in the Engagement Letter, Meadowlark's professional fees for the engagement, including the CRO function, will be on an hourly basis as set forth in the Engagement Letter, and Meadowlark will be entitled to reimbursement of reasonable expenses incurred in connection with this Engagement, including travel, meals and lodging, and delivery services.

IT IS FURTHER ORDERED that the terms of the Engagement Letter, except as modified by this Order, are reasonable terms and conditions of employment and are approved; *provided*, *however*, that during the pendency of this Bankruptcy Case, all requests of Meadowlark for payment of indemnity, contribution or otherwise pursuant to the Engagement Letter shall be made by means of an interim or final fee application and shall be subject to the

approval of, and review by, the Court to ensure that such payment conforms to the terms of the Engagement Letter and amounts asserted for indemnification thereunder are reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, and *further provided*, notwithstanding the terms of the Engagement Letter, the Debtor and Meadowlark have agreed that in no event shall an Indemnified Party be indemnified or receive contribution thereunder if the Debtor or its bankruptcy estate or any statutory committee of unsecured creditors appointed in the Bankruptcy Case (i) asserts a claim against an Indemnified Party and (ii) to the extent the Court determines by final order that such claim resulted from the bad-faith, self-dealing, breach of fiduciary duty (if any and only to the extent such breach does not constitute ordinary negligence), gross negligence or willful misconduct on the part of that Indemnified Party.

IT IS FURTHER ORDERED that this Order shall become effective immediately upon its entry.

IT IS FURTHER ORDERED that the Court has and will retain jurisdiction to enforce this Interim Order according to its terms.

###END OF ORDER###

**ORDER PREPARED AND SUBMITTED BY:**

Stephen W. Rosenblatt (Miss. Bar No. 5676)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: (601) 985-4504
steve.rosenblatt@butlersnow.com

*One of the Attorneys for the Debtor*

- 5 -

**APPROVED AS TO FORM FOR ENTRY:**

*/s/ Ronald H. McAlpin*
Ronald H. McAlpin (Miss. Bar No. 2182)
Assistant United States Trustee
501 East Court Street, Suite 6-430
Jackson, MS 39201-5002
Telephone: (601) 965-5247
ronald.mcalpin@usdoj.gov

*Office of the United States Trustee*

37341228