**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **FRANCHISE SERVICES OF NORTH AMERICA INC.** | ) ) | **CASE NO. 17-02316-EE**<br>**Chapter 11** |
| | ) | |
| **Debtor** | ) | |
| _____ | ) | |

**GLOBAL NOTES PERTAINING TO THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Franchise Services of North America Inc., the Debtor and Debtor-in-possession (the "*Debtor*" or "*FSNA*"), respectfully represents as follows:

With the assistance of its professionals and advisors, the Debtor's management prepared the Schedules of Assets and Liabilities (collectively, the "*Schedules*") and the Statements of Financial Affairs (collectively, the "*SOFAs*") pursuant to Section 521 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"). The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("*GAAP*"), and they are not intended to be fully reconciled to the financial statements.

Although the Debtor's management has made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and SOFAs, including, but not limited to, the discovery of pre-petition invoices or other evidences of obligations that were not available (or that the Debtor had not yet received) at the time these Schedules and SOFAs were prepared, and inadvertent errors or omissions may exist. The information provided herein, except as otherwise noted, is as of June 26, 2017. The Debtor commenced this chapter 11 case on June 26, 2017 (the "*Petition Date*"). Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs. Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtor. The Debtor reserves the right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate. These global notes regarding the Debtor's Schedules and SOFAs (the "*Global Notes*") comprise an integral part of the Schedules and SOFAs filed by the Debtor and should be referenced in connection with any review of the Schedules and SOFAs. Nothing contained in the Schedules and SOFAs shall constitute, or be deemed, a waiver of any rights, claims or defenses of the Debtor against any third party or with respect to any aspect of this chapter 11 case or any related litigation or arbitration. Nothing contained in the Schedules and SOFAs is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtor, assertion made therein or herein or a waiver of the Debtor's rights to dispute any claim or assert any cause

of action or defense against any party. The Debtor reserves all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

1. <u>Information Subject to Confidentiality</u>. There may be instances in the Schedules and SOFAs where the Debtor has deemed it necessary and appropriate to redact from the public record information such as names, addresses or amounts. Typically, the Debtor may use this approach because of an agreement between the Debtor and a third party, concerns of confidentiality or proprietary concerns, or concerns for the privacy of, or the confidentiality of personally identifiable information with respect to, an individual.

2. <u>Amendments</u>. The Debtor reserves the right to amend and/or supplement the Schedules and SOFAs as necessary and/or appropriate.

3. <u>Estimates and Assumptions</u>. The preparation of the Schedules and SOFAs required the Debtor to make estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and SOFAs and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from those estimates. Where the Debtor was not able to determine or quantify with particularity the value of the listed asset based on information presently available to it, the value was listed as "Unknown." The Debtor may be able to quantify the value of certain of these assets as information becomes available to it during the course of this bankruptcy case.

4. <u>Asset and Liability Presentation</u>. Unless otherwise noted, each asset of the Debtor is shown on the basis of the net book value of the asset in the Debtor's accounting books and records as of May 31, 2017, and not on the basis of current market values of such interest in property and/or liabilities. Accordingly, the value listed for any asset may vary significantly from the market value of such asset. Unless otherwise noted, each liability of the Debtor is shown as the liability is reflected in the Debtor's accounting books and records as of June 26, 2017. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value. The Debtor reserves the right to amend or adjust the value of any asset or liability set forth herein.

5. <u>Pre-Petition Claims Paid Post-Petition.</u> Any pre-petition claims that have been or will be paid post-petition pursuant authority granted by the Bankruptcy Court in any First Day Order have not been excluded from the Schedules and SOFAs. Further, the Debtor may continue to pay pre-petition claims only in accordance with authority granted by the Bankruptcy Court.

6. <u>Pre-Petition v. Post-Petition</u>. The Debtor has sought to allocate liabilities between the pre-petition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change. The Debtor reserves the right to change the allocation of liability to the extent additional information becomes available.

7.  <u>Causes of Action</u>.  Despite reasonable efforts, the Debtor might not have identified and/or set forth all causes of action against third parties in its Schedules and SOFAs.  The Debtor reserves any and all rights with respect to any causes of action it may have, and neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such causes of action nor may they be used in any litigation in this or litigation related to this chapter 11 case.

8.  <u>Claims Description</u>.  Any failure to designate a claim on the Debtor's Schedules and/or SOFAs as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtor that such claim is not "disputed," "contingent" or "unliquidated."  The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on its Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment.  The Debtor reserves the right to amend its Schedules and/or SOFAs as necessary and/or appropriate.

9.  <u>Property and Equipment</u>.  The Debtor does not own or lease any property or equipment.  Any property or equipment utilized by the Debtor are owned or leased by one of the operating subsidiaries.

10. <u>Insiders</u>.  In the circumstance where the Schedules and SOFAs require information regarding insiders and/or officers and directors, the Debtor has attempted to include therein each of the Debtor's (a) "officers," as such term is defined by the Bankruptcy Code and (b) "directors" (or persons in similar positions) during the relevant period.  The listing of a party as an insider is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Persons who have been included in this disclosure for informational purposes only should not be deemed to be "insiders" in terms of control of the Debtor, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

11. <u>Categories or Labels Used in Schedules and SOFAs</u>.  Information requested by the Schedules and SOFAs requires the Debtor to make judgments regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled.  The Debtor's decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and SOFAs and within the time constraints imposed by the Bankruptcy Code and Bankruptcy Rules.  The Debtor reserves the right to modify, change or delete any information in the Schedules and SOFAs by amendment, including to the extent some information currently presented should be moved to a different category or labeled in a different way.

12. <u>Schedule B15</u>.  The Debtor owns 100% of U-Save Holdings, Inc. and FSW LLC, formerly doing business as Simply Wheelz LLC.  These are non-publicly-traded stocks

and interest, respectively, and it is difficult to determine the market value of these stock and membership interests. For this reason, the value for each is listed as "Unknown."[1]

Substantially all of the assets of FSW LLC were sold through its recent chapter 11 case styled, *In re Simply Wheelz LLC, d/b/a Advantage Rent A Car*, United States Bankruptcy Court for Southern District of Mississippi, Case No. 13-03332-ee. Therefore, the value of the Debtor's membership interest in FSW LLC should not be significant.

With respect to the value of the Debtor's membership interest in U-Save Holdings, Inc., the Debtor intends to expose that stock ownership interest to the market through a court-supervised sales process conducted by a disinterested third-party broker to determine and monetize that value for the benefit of the bankruptcy estate.

13. <u>Schedule B60 and B61</u>. The primary components of the intangible assets are trademarks. It is difficult to determine a value of the trademarks and the internet domain of FSNA, and so those values are listed as "Unknown."

14. <u>Schedule B65</u>. The value of Goodwill listed on Schedule B is listed as "Unknown" as it is difficult to determine the value of Goodwill.

15. <u>Schedule B71</u>. There is an intercompany account due from U-Save Auto Rental of America, Inc. to FSNA in the amount of $2,539,171.00. The majority of this intercompany indebtedness originated from a transaction in late 2006 and early 2007. On November 30, 2006, Rent-A-Wreck Capital Inc. and U-Save Auto Rental of America, Inc. completed a business combination transaction. The transaction was accounted for as a "reverse-take-over" transaction, whereby U-Save Auto Rental of America, Inc. was deemed the acquirer for accounting purposes. The Company's name was changed from Rent-A-Wreck Capital to Franchise Services of North America, Inc. In February 2007, upon conclusion of a public offering, FSNA repaid approximately $5M in subordinated debt held by U-Save Auto Rental of America, Inc., thereby creating a receivable due to FSNA from U-Save Auto Rental of America, Inc. Over the last 10 years, the balance has been reduced periodically by U-Save Auto Rental of America, Inc.'s paying various trade payables of FSNA, as well as deal costs related to the acquisition of Simply Wheelz LLC, d/b/a Advantage Rent A Car. There have not been regular, structured payments from U-Save Auto Rental of America, Inc. to FSNA, but rather periodic payments made by U-Save Auto Rental of America, Inc. to FSNA on an ad hoc basis, according to the needs of FSNA and the ability of U-Save to make these payments. This intercompany account does not bear interest.

16. <u>Schedule B72</u>. Although the Debtor has unused net operating losses (NOLs) for years 2008 to 2012 and for years 2014 to 2016 on its books in the amount of $2,552,236.00, the

---

[1] The Debtor has filed that certain *Motion of the Debtor for an Order Directing the Examination of Bruce G. Donaldson Pursuant to Federal Rule of Bankruptcy Procedure 2004* [Dkt. # 16] for an Order directing the attendance of Bruce G. Donaldson for an examination pursuant to Rule 2004 of the Bankruptcy Rules (the "**Rule 2004 Exam**"). The determination of the quantifiable value of certain assets of the Debtor listed as "Unknown" within the Schedules and SOFAs will be one of the subjects of the Rule 2004 Exam. The Rule 2004 Exam is applicable to all of the Debtor's assets listed within the Schedules and SOFAs as "Unknown."

Debtor does not know at this time the extent to which it will be able to realize the value of those NOLs for the benefit of the bankruptcy estate.

17. Schedule B73. As reflected in Schedule G, the Debtor has various insurance policies in place. Two of these policies are being premium-financed; the premiums on the other policies have been paid in full. The value of these insurance policies is difficult to determine, and therefore is listed as "Unknown."

18. Schedule B74. The Debtor possesses a litigation claim against Macquarie Capital (USA), Inc. ("*Macquarie*") and has asserted counterclaims against Macquarie for breach of contract, breach of the partnership agreement and partnership duties, negligence, breach of warranty, and a request for an accounting in connection with Macquarie's actions with respect to the Hertz Transaction. That litigation is still pending in the Supreme Court of New York County, New York [Case No. 650020/2017]. No specific dollar figure for damages was stated in the Counterclaim and therefore the value of the Counterclaim is listed as "Unknown."

    The Debtor also possesses a litigation claim against Michael Silverton ("*Silverton*") and Daniel Boland ("*Boland*"), both Managing Directors of Macquarie and former Directors of FSNA. FSNA filed a Complaint in the United States District Court for the Southern District of Mississippi, Civil Action No. 3:16-cv-964-HTW-LRA, against Silverton and Boland seeking actual and punitive damages for breach of duty of loyalty, failure to provide material information, misrepresentation, and civil conspiracy. That litigation is still pending, although that Court recently entered its order removing that case from the court's active trial docket, subject to being reopened upon a motion of one of the parties that further litigation of that case in that court was necessary. No specific dollar figure for damages was stated in the Complaint.

19. Schedule B75. The Debtor has a disputed tax claim with the Canada Revenue Agency, Winnipeg Tax Centre, in the amount of $29,724.84.

    Schedule D—Creditors Holding Secured Claims. Although the Debtor scheduled a claim of only one creditor as holding a secured claim, the Debtor reserves all rights to dispute or challenge the secured nature or the validity of such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim (including, but not limited to, whether any document is a true lease or financing arrangement). Without limiting the foregoing, the inclusion on Schedule D of any creditor that has asserted liens of any nature is not intended to be an acknowledgement of the validity, extent, or priority of any such liens, and the Debtor reserves its right to challenge such liens and the underlying claims on any ground whatsoever. The description provided in Schedule D is intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of such agreements. The Debtor reserves the right to dispute any filed proof of claim for a secured claim on any basis.

US Premium Finance is a secured creditor which is financing the insurance premiums for the D&O Policy and the EPLI Policy. FSNA paid a first-month deposit in an amount that is the equivalent of approximately three months of premiums, and the balance of the premiums are paid over a nine-month period in monthly installments. Under this premium financing arrangement, if the Debtor fails to make a required payment under the monthly installment arrangement, the Policies may be terminated and coverage could lapse. The Debtor is current in its obligations under the Policies.

20. <u>Schedule E—Creditors Holding Unsecured Priority Claims</u>. The Debtor believes that none of its tax claims are priority tax claims. The Debtor reserves the right to dispute the priority status of any filed proof of claim for a priority claim on any basis.

21. <u>Schedule F—Creditors Holding Unsecured Nonpriority Claims</u>. The liabilities identified in Schedule F are derived from the Debtor's books and records. The Debtor made a reasonable attempt to set forth its unsecured obligations, although the actual amount of claims against the Debtor may vary from those liabilities represented on Schedule F. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs. Parties in interest should consult their own professionals and/or advisors with respect to pursuing a claim. Although the Debtor and its professionals have generated financials that the Debtor believes to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that occur throughout the duration of this chapter 11 case.

The claims listed on Schedule F arose or were incurred on various dates. Certain of the claims are listed as "Disputed" because they may be time-barred. Others are disputed on the merits. The Debtor reserves the right to dispute any filed proof of claim for an unsecured, nonpriority claim on any basis.

22. <u>Schedule G—Executory Contracts</u>. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract, agreement, or lease on Schedule G does not constitute an admission that such contract, agreement, or lease is an executory contract or unexpired lease or that such contract, agreement, or lease was in effect on the Petition Date or is valid or enforceable. The Debtor hereby reserves all of its rights to dispute the validity, effectiveness, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement such Schedule as necessary.

The Debtor reserves all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim, including, but not limited to, whether any lease is a true lease or financing arrangement.

The Debtor may be party to certain agreements that have expired by their terms, but all parties continue to operate under the agreement. Out of an abundance of caution, the Debtor has listed such agreements on Schedule G. The Debtor's inclusion of such

contracts, leases or agreements on Schedule G is not an admission that such contract, lease or agreement is an executory contract or unexpired lease.

Omission of a contract, lease or agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts, leases or agreements are not impaired by the omission.

23. Schedule H. The Debtor is a co-obligor with U-Save Auto Rental of America, Inc., U-Save Holdings, Inc., and Thomas P. McDonnell III for the final payment in the amount of $50,000.00 due on or before August 19, 2017 pursuant to a Settlement Agreement dated August 12, 2016 between and among Robert M. Barton and J. Michael Linn (collectively referred to as "Plaintiffs") and U-Save Auto Rental of America, Inc., Franchise Services of North America, Inc., U-Save Holdings, Inc., and Thomas P. McDonnell, III (collectively referred to as "Defendants") in connection with the settlement of a lawsuit styled, "*Robert M. Barton and J. Michael Linn v. Franchise Services of North America, Inc. and Thomas P. McDonnell III*," Civil Action No. 3:15-cv-464-CWR-FKB, United States District Court for the Southern District of Mississippi, Northern Division.

24. SOFA 1. The Debtor is a holding company, and not an operating company. The operating entities are the subsidiaries of the Debtor.

25. SOFA 3b. In the list of payments under SOFA 3b, the Debtor's payments to Kevin Marino were made to him as counsel for Silverton and Boland in connection with their advancement demand against FSNA, and not in his individual capacity. *See* item 7.7 on the SOFA for a description of that litigation.

   SOFA 11. During the year before the filing of this chapter 11 case, Butler Snow received the following payments related to debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case: FSW LLC, formerly Simply Wheelz LLC, made payments on behalf of the Debtor as follows: April 20, 2017 - $4,195.00; May 16, 2017 - $12,969.00; June 9, 2017 - $39,191.00; June 26, 2017 - $28,476.18. U-Save Auto Rental of America, Inc. made a payment on behalf of the Debtor as follows: June 27, 2017 - $35,000.00.

26. SOFA 26. In addition to those parties listed, the Debtor provided its financial statements to various potential DIP Lenders pursuant to confidentiality and non-disclosure agreements.

27. Specific Notes. These Global Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs. The fact that the Debtor has prepared a "specific note" with respect to any of the Schedules and SOFAs and not to others should not be interpreted as a decision by the Debtor to exclude the applicability of any Global Note to any of the Debtor's remaining Schedules and SOFAs, as appropriate. Moreover, disclosure of information in one Schedule, SOFA, exhibit, or continuation sheet, even if

incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit, or continuation sheet.

28. <u>Totals</u>.  All totals that are included in the Schedules represent totals of the liquidated amounts for the individual schedule for which they are listed.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

29. <u>Undetermined Amounts</u>.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

30. <u>Unliquidated Claim Amounts</u>.  Claim amounts that could not be fairly quantified by the Debtor are scheduled as "unliquidated," "TBD," "undetermined" and/or "unknown."

31. <u>General Reservation of Rights</u>.  The Debtor specifically reserves the right to amend, modify, supplement, correct, change, or alter any part of their Schedules and SOFAs as and to the extent necessary and as they deem appropriate.

BUTLER SNOW LLP

Stephen W. Rosenblatt (Miss. Bar No. 5676)
Christopher R. Maddux (Miss. Bar No. 100501)
J. Mitchell Carrington (Miss. Bar No. 104228)
Thomas M. Hewitt (Miss. Bar No. 104589)
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: (601) 985-4504
Steve.Rosenblatt@butlersnow.com
Chris.Maddux@butlersnow.com
Mitch.Carrington@butlersnow.com
Thomas.Hewitt@butlersnow.com

*Attorneys for the Debtor*

37080047

**Fill in this information to identify the case:**

Debtor name: Franchise Services of North America Inc.

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF MISSISSIPPI

Case number (if known): 17-02316-ee

☑ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals         12/15

### Part 1: Summary of Assets

1. Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)

    1a. Real property:
    Copy line 88 from Schedule A/B................................................................... $ 0.00

    1b. Total personal property:
    Copy line 91A from Schedule A/B................................................................ $ 5,127,931.84

    1c. Total of all property:
    Copy line 92 from Schedule A/B................................................................... $ 5,,127,931.84

### Part 2: Summary of Liabilities

2. Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D................ $ 0.00

3. Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

    3a. Total claim amounts of priority unsecured claims:
    Copy the total claims from Part 1 from line 5a of Schedule E/F................................. $ 0.00

    3b. Total amount of claims of nonpriority amount of unsecured claims:
    Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F........ +$ 6,203,259.75

4. Total liabilities ...............................................................................................................
   Lines 2 + 3a + 3b                                                                                    $ 6,203.259.85

**Fill in this information to identify the case:**

Debtor name: Franchise Services of North America Inc.

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF MISSISSIPPI

Case number (if known): 17-02316-ee

☑ Check if this is an amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property
12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:   Cash and cash equivalents**

1. Does the debtor have any cash or cash equivalents?

   ☐ No. Go to Part 2.
   ☑ Yes Fill in the information below.

   All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest

3. Checking, savings, money market, or financial brokerage accounts *(Identify all)*

   | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
   |---|---|---|---|
   | Regions Bank<br>1900 Fifth Avenue North<br>Birmingham, AL 35203 | | | |
   | 3.1.   Account No. 0173329495 | Checking Account | | $6,800.00 |

4. Other cash equivalents *(Identify all)*

5. **Total of Part 1.** | | | | **$6,800.00**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**Part 2:   Deposits and Prepayments**

6. Does the debtor have any deposits or prepayments?

   ☐ No. Go to Part 3.
   ☑ Yes Fill in the information below.

7. Deposits, including security deposits and utility deposits
   Description, including name of holder of deposit

   7.1.

8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent
   Description, including name of holder of prepayment

   | 8.1.   Prepaid Insurance financed through US Premium Finance. | Unknown |
   |---|---|

Official Form 206A/B   Schedule A/B Assets - Real and Personal Property   page 1
Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

Debtor   **Franchise Services of North America Inc.**   Case number *(If known)*
         Name

9.  **Total of Part 2.**                                                                                                Unknown
    Add lines 7 through 8. Copy the total to line 81.

**Part 3:   Accounts receivable**

10. **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.
    ☐ Yes Fill in the information below.

11. **Accounts receivable**

12. **Total of Part 3.**                                                                                                $0.00
    Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**Part 4:   Investments**

13. **Does the debtor own any investments?**

    ☐ No. Go to Part 5.
    ☑ Yes Fill in the information below.

    |  |  | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|---|

14. Mutual funds or publicly traded stocks not included in Part 1
    Name of fund or stock:

15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture
    Name of entity:                                          % of ownership

    15.1.   U-Save Holdings Inc.           100     %                                       Unknown

    15.2.   FSW LLC                        100     %                                       Unknown

16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1
    Describe:

17. **Total of Part 4.**                                                                                                $0.00
    Add lines 14 through 16. Copy the total to line 83.

**Part 5:   Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☑ No. Go to Part 6.
    ☐ Yes Fill in the information below.

**Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☑ No. Go to Part 7.

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property                            page 2
Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor  **Franchise Services of North America Inc.**  Case number *(If known)*
        Name

☐ Yes Fill in the information below.

**Part 7: Office furniture, fixtures, and equipment; and collectibles**

38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?

☑ No. Go to Part 8.
☐ Yes Fill in the information below.

**Part 8: Machinery, equipment, and vehicles**

46. Does the debtor own or lease any machinery, equipment, or vehicles?

☑ No. Go to Part 9.
☐ Yes Fill in the information below.

**Part 9: Real property**

54. Does the debtor own or lease any real property?

☑ No. Go to Part 10.
☐ Yes Fill in the information below.

**Part 10: Intangibles and intellectual property**

59. Does the debtor have any interests in intangibles or intellectual property?

☐ No. Go to Part 11.
☑ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 60. | Patents, copyrights, trademarks, and trade secrets<br>Trademark - FSNA | $0.00 | | Unknown |
| | Trademark - FSNA Frachise Services of North America | $0.00 | | Unknown |
| 61. | Internet domain names and websites<br>www.fsna-inc.com | $0.00 | | Unknown |
| 62. | Licenses, franchises, and royalties | | | |
| 63. | Customer lists, mailing lists, or other compilations | | | |
| 64. | Other intangibles, or intellectual property | | | |
| 65. | Goodwill | $0.00 | | Unknown |

66. **Total of Part 10.**  Unknown
    Add lines 60 through 65. Copy the total to line 89.

67. Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C.§§ 101(41A) and 107?
    ☑ No
    ☐ Yes

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property          page 3
Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                      Best Case Bankruptcy

Debtor   **Franchise Services of North America Inc.**                                  Case number *(If known)*
         Name

68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?
    ☑ No
    ☐ Yes

69. Has any of the property listed in Part 10 been appraised by a professional within the last year?
    ☑ No
    ☐ Yes

**Part 11:    All other assets**

70. Does the debtor own any other assets that have not yet been reported on this form?
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

    ☐ No. Go to Part 12.
    ☑ Yes Fill in the information below.

|     |                                                                 |                     | Current value of debtor's interest |
|-----|-----------------------------------------------------------------|---------------------|-----------------------------------:|
| 71. | Notes receivable<br>Description (include name of obligor)<br>Intercompany account due from U-Save Auto Rental of America, Inc. to FSNA | Tax year | 2,539,171.00 |
| 72. | Tax refunds and unused net operating losses (NOLs)<br>Description (for example, federal, state, local)<br>Unused net operating losses (NOLs) for years 2008-2012 and 2014-2016. | Tax year  2014-2016 | $2,552,236.00 |
| 73. | Interests in insurance policies or annuities<br><br>Rights under existing insurance policies. | | Unknown |
| 74. | Causes of action against third parties (whether or not a lawsuit has been filed)<br>Franchise Services of North America Inc. v. Michael John Silverton and Daniel Raymond Boland; USDC SD MS; Civil Action No. 3:16-cv-964-HTW-LRA; Amended Counterclaims asserted by the Borrower in Macquarie Capital (USA Inc. v. Franchise Services of North America, Inc.; In the Supreme Court of the State of New York; Index No. 650020/2017<br>Nature of claim        Lawsuits<br>Amount requested       Unknown | | Unknown |
| 75. | Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims<br>Canada Revenue Agency<br>Winnipeg Tax Centre<br>66 Stapon Road<br>Winnipeg, Manitoba  R3C 3M2<br>Nature of claim<br>Amount requested        $0.00 | | $29,724.84 |

76. Trusts, equitable or future interests in property

77. Other property of any kind not already listed *Examples:* Season tickets,

Official Form 206A/B                     Schedule A/B Assets - Real and Personal Property                          page 4
Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

Debtor    **Franchise Services of North America Inc.**            Case number *(If known)*
           Name

country club membership

| | | |
|---|---|---|
| 78. | **Total of Part 11.** | $5,121,131.84 |
| | Add lines 71 through 77. Copy the total to line 90. | |

79.    Has any of the property listed in Part 11 been appraised by a professional within the last year?
      ☑ No
      ☐ Yes

Debtor   **Franchise Services of North America Inc.**   Case number *(If known)*
         Name

### Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. Cash, cash equivalents, and financial assets. *Copy line 5, Part 1* | $6,800.00 | |
| 81. Deposits and prepayments. *Copy line 9, Part 2.* | $0.00 | |
| 82. Accounts receivable. *Copy line 12, Part 3.* | $0.00 | |
| 83. Investments. *Copy line 17, Part 4.* | $0.00 | |
| 84. Inventory. *Copy line 23, Part 5.* | $0.00 | |
| 85. Farming and fishing-related assets. *Copy line 33, Part 6.* | $0.00 | |
| 86. Office furniture, fixtures, and equipment; and collectibles. *Copy line 43, Part 7.* | $0.00 | |
| 87. Machinery, equipment, and vehicles. *Copy line 51, Part 8.* | $0.00 | |
| 88. Real property. *Copy line 56, Part 9* ........................> | | $0.00 |
| 89. Intangibles and intellectual property. *Copy line 66, Part 10.* | Unknown | |
| 90. All other assets. *Copy line 78, Part 11.* | + $5,121,131.84 | |
| 91. **Total.** Add lines 80 through 90 for each column | $5,127,931.84 + 91b. | $0.00 |
| 92. Total of all property on Schedule A/B. Add lines 91a+91b=92 | | $5,127,931.84 |

**Fill in this information to identify the case:**

Debtor name: Franchise Services of North America Inc.

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF MISSISSIPPI

Case number (if known): 17-02316-ee

☒ Check if this is an amended filing

Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1: List All Creditors with PRIORITY Unsecured Claims**

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

   ☒ No. Go to Part 2.

   ☐ Yes. Go to line 2.

**Part 2: List All Creditors with NONPRIORITY Unsecured Claims**

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

Amount of claim

| | | | |
|---|---|---|---|
| 3.1 | Nonpriority creditor's name and mailing address<br>**Canada Revenue Agnecy**<br>875 Heron Road<br>Ottawa, Ontario<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☒ Disputed<br><br>Basis for the claim: **Taxes**<br>Is the claim subject to offset? ☐ No  ☒ Yes | $23,362.95 |
| 3.2 | Nonpriority creditor's name and mailing address<br>**CNW Group Ltd.**<br>RBC Waterpark Place<br>88 Queens Quay W, Ste 3000<br>Toronto, Ontario M5J 0B8<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: _<br>Is the claim subject to offset? ☒ No  ☐ Yes | $8,881.80 |
| 3.3 | Nonpriority creditor's name and mailing address<br>**Computershare Inc.**<br>Dtp CH 19228<br>Palatine, IL 60055-9228<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: **Services**<br>Is the claim subject to offset? ☒ No  ☐ Yes | $2,016.66 |
| 3.4 | Nonpriority creditor's name and mailing address<br>**Computershare Investor**<br>530 - 8th Ave. SW<br>Calgary, Alberta T2P 3S8<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: **Services**<br>Is the claim subject to offset? ☒ No  ☐ Yes | $4,280.18 |

Debtor  **Franchise Services of North America Inc.**  Case number (if known) **17-02316-ee**
Name

| | | | |
|---|---|---|---|
| **3.5** | Nonpriority creditor's name and mailing address<br>D. Boland & M. Silverton<br>c/o Kevin H. Marino, Esq.<br>437 Southern Blvd.<br>Chatham, NJ 07928-1488 | As of the petition filing date, the claim is: *Check all that apply.*<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed | $276,816.36 |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: __<br>Is the claim subject to offset? ☐ No ☒ Yes | |
| **3.6** | Nonpriority creditor's name and mailing address<br>~~Daniel Raymond Boland~~<br>~~8 Oakleigh Court~~<br>~~Norwalk, CT 06853~~ | As of the petition filing date, the claim is: *Check all that apply.*<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed | $0.00 |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: __<br>Is the claim subject to offset? ☐ No ☒ Yes | |
| **3.7** | Nonpriority creditor's name and mailing address<br>David M. Mitchell<br>100 Forest Avenue<br>Glen Ridge, NJ 07028 | As of the petition filing date, the claim is: *Check all that apply.*<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed | $450,000.00 |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: **Breach of Contract**<br>Is the claim subject to offset? ☒ No ☐ Yes | |
| **3.8** | Nonpriority creditor's name and mailing address<br>DE Secretary of State<br>PO Box 5509<br>Binghamton, NY 13902-5509 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $9,520.00 |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: **Taxes**<br>Is the claim subject to offset? ☒ No ☐ Yes | |
| **3.9** | Nonpriority creditor's name and mailing address<br>Edinger Associates, PLLC<br>1875 I Street, NW<br>Suite 500<br>Washington, DC 20006 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☒ Disputed | $291,354.95 |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: **Professional Services**<br>Is the claim subject to offset? ☒ No ☐ Yes | |
| **3.10** | Nonpriority creditor's name and mailing address<br>Horn & Payne, PLLC<br>1300 Highway 51<br>Madison, MS 39110 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $13,051.25 |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: **Professional Services**<br>Is the claim subject to offset? ☒ No ☐ Yes | |
| **3.11** | Nonpriority creditor's name and mailing address<br>Horne LLP<br>1020 Highland Colony Parkw<br>Suite 400<br>Ridgeland, MS 39157 | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $99,850.00 |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: **Professional Services**<br>Is the claim subject to offset? ☒ No ☐ Yes | |

| Debtor | Franchise Services of North America Inc. | Case number (if known) | 17-02316-ee |
|---|---|---|---|

**3.12** Nonpriority creditor's name and mailing address
J. M. Linn & R. M. Barton
c/o Kevin H. Marino, Esq.
437 Southern Blvd.
Chatham, NJ 07928-1488

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __

Is the claim subject to offset? ■ No  ☐ Yes

$50,000.00 ★

---

**3.13** Nonpriority creditor's name and mailing address
J. ~~Michael Linn~~
~~1121 N. Halifax~~
~~Daytona Beach, FL 32118~~

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: __

Is the claim subject to offset? ■ No  ☐ Yes

$0.00 ★

---

**3.14** Nonpriority creditor's name and mailing address
John B. Gillis, Esq.
PO Box 185
Water Valley, MS 38965

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Professional Services**

Is the claim subject to offset? ■ No  ☐ Yes

$6,947.00

---

**3.15** Nonpriority creditor's name and mailing address
Macquarie Capital
125 West 55 Street
New York, NY 10019

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: **Professional Services**

Is the claim subject to offset? ■ No  ☐ Yes

$500,000.00

---

**3.16** Nonpriority creditor's name and mailing address
Macquarie Capital
125 West 55 Street
New York, NY 10019

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: **Professional Services**

Is the claim subject to offset? ■ No  ☐ Yes

$2,500,000.00

---

**3.17** Nonpriority creditor's name and mailing address
~~Michael John Silverton~~
~~508 W 24th St 7N~~
~~New York, NY 10011-1103~~

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
■ Contingent
■ Unliquidated
■ Disputed

Basis for the claim: **Advancement Demand**

Is the claim subject to offset? ☐ No  ■ Yes

$0.00 ★

---

**3.18** Nonpriority creditor's name and mailing address
Mississippi Mediation & A
P. O. Box 2251
Jackson, MS 39225-2251

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Robert Sneed - Arbitrator**

Is the claim subject to offset? ■ No  ☐ Yes

$11,826.20 ★

---

| Debtor | Franchise Services of North America Inc. | Case number (if known) | 17-02316-ee |
|---|---|---|---|
| | Name | | |

| | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | |
|---|---|---|---|
| 3.19 | Osler, Hoskin & Harcourt<br>TransCanada Tower<br>450 1st St. SW, Ste 2500<br>Calgary, Alberta T2P 5H1 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $351,379.58 |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: **Professional Services**<br>Is the claim subject to offset? ■ No ☐ Yes | |
| 3.20 | RJ Young<br>809 Division Street<br>Nashville, TN 37203 | ■ Contingent<br>■ Unliquidated<br>■ Disputed | $1,100,000.00 |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: **Services**<br>Is the claim subject to offset? ■ No ☐ Yes | |
| 3.21 | ~~Robert M. Barton~~<br>~~15234 Merlinglen Pl~~<br>~~Lithia, FL 35547-3901~~ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $0.00 ★ |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: __<br>Is the claim subject to offset? ■ No ☐ Yes | |
| 3.22 | State of Michigan<br>Dept. of Treasury<br>PO Box 77000<br>Detroit, MI 48277-2000 | ☐ Contingent<br>☐ Unliquidated<br>■ Disputed | $10,838.85 |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: **Taxes**<br>Is the claim subject to offset? ■ No ☐ Yes | |
| 3.23 | State of Nevada<br>Dept of Taxation<br>1150 College Pkwy No. 115<br>Carson City, NV 89706 | ☐ Contingent<br>☐ Unliquidated<br>■ Disputed | $24,917.17 |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: **Taxes**<br>Is the claim subject to offset? ■ No ☐ Yes | |
| 3.24 | Stikeman Elliott<br>445 Park Avenue<br>7th Floor<br>New York, NY 10022 | ☐ Contingent<br>☐ Unliquidated<br>■ Disputed | $389,963.31 |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: **Professional Services**<br>Is the claim subject to offset? ■ No ☐ Yes | |
| 3.25 | TSD Rental, LLC<br>Attn: Charles Grieco<br>1620-1650 Turnpike St.<br>North Andover, MA 01845 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $36,709.32 ★ |
| | Date(s) debt was incurred __<br>Last 4 digits of account number __ | Basis for the claim: **Services**<br>Is the claim subject to offset? ■ No ☐ Yes | |

| Debtor | Franchise Services of North America Inc. | Case number (if known) | 17-02316-ee |
|---|---|---|---|
| | Name | | |

| 3.26 | Nonpriority creditor's name and mailing address<br>TSX Venture Exchange Inc.<br>300 - 5th Ave. SW<br>Calgary, Alberta T2P 3C4<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: **Services**<br><br>Is the claim subject to offset? ■ No ☐ Yes | $4,171.99 |
|---|---|---|---|
| 3.27 | Nonpriority creditor's name and mailing address<br>Young Conaway Stargatt<br>1000 North King Street<br>Wilmington, DE 19899-0391<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>■ Disputed<br><br>Basis for the claim: **Professional Services**<br><br>Is the claim subject to offset? ■ No ☐ Yes | $37,372.18 |

**Part 3:** List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

**Part 4:** Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + $ | 6,203,259.75 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. $ | 6,203,259.75 |